IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–02410–REB–KMT

ERIC BUCHANNAN, as Guardian for T.B., a Minor,

    Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.,

    Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on the parties' "Agreed Petition for the Court's Approval of the Parties' Settlement of the Minor's FDCPA and TCPA Claims." (Doc. No. 41, filed Jan. 17, 2014.) For the following reasons, the court recommends that the Petition be GRANTED.

    In this case, Plaintiff Eric Buchannan, as Guardian for T.B., a minor, asserts claims for violations of the Fair Debt Collections Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.* Plaintiff's claims are based on allegations that Defendant placed a number of phone calls to T.B.'s cell phone regarding a debt owed not by T.B. or Mr. Buchannan, but which was instead owed by an unrelated third-party. (*See generally* Compl., Doc. No. 1.)

On December 4, 2013, the parties notified the court that they had negotiated a settlement of all of Plaintiff's claims in this matter. (Not. of Settl., Doc. No. 35.) Because T.B. is a minor, the parties' present Petition seeks court approval of the proposed Settlement and Release Agreement (Doc. No. 41-1 [Settl. Agmt.])[1] prior to its execution.

As an initial matter, it is not beyond cavil that the court must approve the settlement simply because it involves a minor. The parties support their request for court approval of the Settlement Agreement by citing to Colorado Rule of Probate Procedure 16. While Probate Rule 16 does appear to require court approval of a proposed settlement involving a minor, *see* C.R.P.P. 16,[2] it and other such rules govern only "in the probate court for the city and county of Denver and [state] district courts when sitting in probate," C.R.P.P. 1(a). Because this action is pending in federal court and does not involve any probate issues, the applicability of Probate Rule 16 is suspect.

Otherwise, the parties have not pointed to any case law from the Tenth Circuit or this District holding that the district court must approve a proposed settlement involving a minor. The court's own independent research also has not uncovered any such case.

Nevertheless, decisions from outside this circuit have recognized that "courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren,* 638 F.3d 1177, 1181 (9th Cir. 2011). Rule

---

[1] Because it features the full name of the minor, T.B., and includes a confidentiality provision, the Settlement Agreement has been filed under Level 1 restriction. (*See* Minute Order granting Motion to Restrict, Doc. No. 44.) In an effort to preserve the confidentiality of the terms of the Settlement Agreement, the court describes the terms of the Settlement Agreement in only the most general terms.

[2] The Colorado Rules of Probate Procedure are available at www.courts.state.co.us/userfiles/File/probate/Probate_Rules(1).pdf (last visited May 7, 2014).

17(c) also provides "[t]he court must appoint a guardian ad litem—or issue another *appropriate order*—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2) (emphasis added). As such, courts have recognized that, "[i]n the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux,* 639 F.3d at 1181 (quoting *Dacanay v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Nice v. Centennial Area Sch. Dist.,* 98 F. Supp. 2d 665, 667 (E.D. Pa. 2000); *Carter Coal Co. v. Litz,* 54 F. Supp. 115, 134 (W.D. Va. 1943); *Martegani v. Cirrus Design Corp.,* 687 F. Supp. 2d 373, 377 (S.D.N.Y. 2010) (local rule providing that a proposed settlement involving a minor's claim(s) must be reviewed by a judicial officer). This is true "even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Salmeron v. United States,* 724 F.2d 1357, 1363 (9th Cir. 1983).

In light of this authority, as well as the fact that the Settlement Agreement includes a provision requiring court approval of the settlement, the court finds it appropriate to consider whether the Settlement Agreement is fair and reasonable to T.B. The court's review, however, is fairly limited—"[s]o long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Robidoux,* 638 F.3d at 1182; *see also Carter Coal,* 54 F. Supp. at 134 (so long as minors are properly represented, their interests have not been sacrificed, and the settlement is to their advantage, minors' interests may be settled or compromised as well as that of any other litigant.). *But see Martegani,* 687 F. Supp. 2d at 377 (court must form an

3

"educated estimate of the complexity, expense, and likely duration of such litigation . . . and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.") (citations and internal quotation marks omitted).

Having carefully reviewed the Settlement Agreement, the court finds that it is fair and reasonable to T.B.  Based on this court's experience with both FDCPA and TCPA cases, the recovery allocated to T.B. under the Settlement Agreement significantly exceeds the average recovery in such cases in this District.  *See also* 15 U.S.C. § 1692k(a) (FDCPA authorizes an award of actual damages, and/or statutory damages not exceeding $1000); 47 U.S.C. § 227(b)(3) (TCPA authorizes an award of actual damages or $500 per violation, whichever is greater, and treble damages for willful violations).  Further, the remaining provisions of the Settlement Agreement all appear to be standard inclusions.  As such, the court does not perceive any risk of prejudice to T.B from these provisions or from the Settlement Agreement as a whole.

Accordingly, for the foregoing reasons, I respectfully

RECOMMEND that the "Agreed Petition for the Court's Approval of the Parties' Settlement of the Minor's FDCPA and TCPA Claims" (Doc. No. 41) be GRANTED and that the Settlement and Release Agreement be approved as fair and reasonable to Plaintiff T.B.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that

does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but*

*see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 8th day of May, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge